UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3|18|15
```

PAYSYS INTERNATIONAL, INC.,                    :

       *Plaintiff,*    :  Civil Action No. 14-cv-10105 (SAS)

      -against-   :

               **SCHEDULING ORDER**

ATOS SE and WORLDLINE S.A.                     :

       *Defendants.*    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ.

P. 16(b) (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed

Scheduling Order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by

the Order:

    (1)  *the date of the conference and the appearances for the parties:*

      The 16(b) Conference was held March 18,2015.

      The appearances for the parties are as follows:

Robert D. Owen          Leon Medzhibovsky
Alan Albright           Francis W. Ryan
Travis James Mock         Airina Rodrigues
Sutherland Asbill & Brennan LLP     DLA Piper LLP
1114 Avenue of the Americas, 40th Floor   1251 Avenue of the Americas
New York, New York  10036      New York, New York 10020
(212) 389-5090          (212) 335-4630
Attorneys for Plaintiff         Attorneys for Defendants

(2)    *the date by which automatic disclosures will be exchanged*;

Automatic disclosures will be exchanged by _April 17 2015_

---

**(3)**    *a concise statement of the issues as they then appear*;

The plaintiff's principal issues in this case are, *inter alia*:

a.  Whether  Defendants have breached their contractual obligation to "cooperate reasonably" with Plaintiff to halt any infringement of Plaintiff's proprietary rights in the Products.

b.  Whether any rights supposedly possessed by defendant Atos that are related to the Agreement are void because Sema assigned its interest in the Agreement to Atos without the consent of Plaintiff.

c.  Whether any rights supposedly possessed by defendant Worldline that are related to the Agreement are void because Atos assigned Worldline an interest in the Agreement without the consent of Plaintiff.

d.  Whether defendants have otherwise breached the Agreement.

e.  Worldline recently (i) announced the existence of a five-year agreement with a Thai company named Accellence and (ii) revealed that in that agreement Worldline had made Accellence a reseller of alleged Sema Derivatives.  The issue is whether, since the Agreement permits defendants to appoint distributors of the CardPac Software only until 1998, the Worldline-Accellence agreement to resell Sema Derivatives is void, and with it any end user licenses granted by Accellence.

f.  Whether any licenses to the CardPac Software that were allegedly issued by Sema, Atos or Worldline after 2001 are void because (i) such CardPac Software license agreements allegedly fail to comply with the Agreement and/or (ii) were issued by one of the foregoing entities at a time when it lacked the rights to do so.

g.  Whether defendants have entered into agreements or otherwise interacted with customers in ways that have revealed PaySys' trade secrets in the CardPac Software in an unauthorized manner or do not sufficiently protect PaySys' trade secrets in the CardPac Software.

h.  Whether defendants have authorized or induced customers or other third parties to modify the CardPac Software in violation of the limitations of the

Agreement.

i.  If determined that Sema failed to pay royalties due Plaintiff for a royalty-bearing module covered by the Agreement (the APS module), how many times did this occur and what is the appropriate remedy, provided such claims are not time-barred.

j.  What amount of damages, if any, are owed by defendants to Plaintiff.

Defendants' principal issues in this case are, *inter alia*:

a.  Whether the rights granted to Sema under the Agreement can be validly assigned to Defendants because the Agreement expressly permits assignment to "Affiliates."

b.  Whether, even if the Agreement was improperly assigned, such assignment renders the Agreement void in the absence of language that would void or invalidate the Agreement upon assignment, and due to Plaintiff's disclaimer of its right to contest the validity of the Agreement "for any reason".

c.  Whether obligations or restrictions in the Agreement (including pertaining to the grant of further licenses or sublicenses) apply to Sema Derivatives, when the Agreement allegedly transfers full title in and to Sema Derivatives and, if so, whether the Agreement has been breached.

d.  Whether Plaintiff's claims are waived or time-barred, and whether its alleged damages related to the APS module are limited to those occurring within the applicable statute of limitations period prior to commencing this action.

e.  Whether Plaintiff has any protectable trade secret, and whether use or commercialization of the proprietary Sema Derivatives would constitute trade secret misappropriation.

(4)  *a schedule including*:

(a)  *the names of persons to be deposed and a schedule of planned depositions;*

Plaintiff's Depositions:

i.  Person most knowledgeable regarding the terms of the reorganization plan conducted in connection with the spin-off of Worldline

ii.      Person most knowledgeable regarding the terms of the acquisition of SchlumbergerSema by Atos and the reorganization of Sema that ensued in 2004

iii.      A development manager for Atos and one for Worldline familiar with the changes and modifications made to each derivative work of the Products, including CardLink I and II, SemaCard, ASCCEND, Cardlink APS, and ESSENTIS.

iv.      A representative of each customer or other sublicensee known to possess the Products or derivative works of the Products for whom no valid contract has been supplied to Plaintiff, or for any instance where the contract presented does not conform to the requirements of the Agreement.

v.      Representative of each of the third party service consultants listed the Complaint regarding their possession and use of the Software, including Accellence, Attra, IBM, Technological Information Consultants, iSpere Global, Apar Technologies SDN BhD, A-IT Software Services Pte Ltd., iTAC, MSC Outsourcing, SZ IT Center, ACI Worldwide, IAM, DL Resources Pte. Ltd, and WiPro.

vi.      Each of the individuals identified on LinkedIn as having worked on the Software or derivative works thereof.

Defendants' Depositions:

i.      Person(s) most knowledgeable about the negotiation and execution of the Agreement (including amendments and related agreements).

ii.      Person(s) most knowledgeable about disputes between CCSI and Sema, or any of their predecessors or successors in interest, including but not limited to the 1999-2001 dispute between the parties and/or their predecessors-in-interest in this Court and an arbitration commenced before the American Arbitration Association, and resulting settlement.

iii.      Person(s) most knowledgeable about CardPac software and source code, including, but not limited to: (a) modifications developed by Sema and licensed back to PaySys pursuant to a 1988 license Agreement and the extent to which such modifications may be incorporated in the CardPac software, as well as other PaySys products and derivatives of CardPac; (b) licensing, distribution and development agreements related to CardPac software and source code and derivative works; (c) rights granted by PaySys to its customers and other parties to access and modify source code for CardPac software and other PaySys derivatives of CardPac.

iv.     Person(s) most knowledgeable about the territories in which
        PaySys has sold or licensed the CardPac software and source code,
        and derivatives of CardPac.

v.      Person(s) most knowledgeable about Plaintiff's development of
        credit card processing software products offered since CardPac
        was released.

vi.     Person(s) most knowledgeable about Plaintiff's alleged trade
        secrets.

vii.    Person(s) most knowledgeable about Plaintiff's knowledge and
        awareness of Sema's corporate history, acquisitions and related
        corporate transactions, including transactions related to CAP
        Group PLC, Schlumberger, Atos and Worldline.

viii.   Person(s) most knowledgeable about Plaintiff's relationship with
        CAP Gemini.

ix.     Person(s) most knowledgeable about any damages Plaintiff alleges
        it has suffered.

All fact depositions shall be completed by _____

_____.

*(b)*   *a schedule for the production of documents;*

By ⌐May 15⌐, 2015. **First Wave Document Production**.  Plaintiff seeks
expedited production of three limited – but likely dispositive – categories
of documents from defendants:

i.      Documents sufficient to show the reorganization plan and
        agreements of SchlumbergerSema and/or Atos entered into in
        2003-2004 providing for the acquisition, transfer, division or
        disposition of SchlumbergerSema or its assets, including but not
        limited to any agreements governing the transfer of Sema's rights
        under the Agreement or any contracts, rights or licenses relating to
        CardLink (I or II), ASCCEND, SemaCard, or CardPac software.

ii.     Documents sufficient to show the reorganization plan and
        agreements of Atos and/or Worldline entered into in 2013-2014
        providing for the acquisition, transfer, division or disposition of
        Sema or its assets or any contracts, rights or licenses relating to
        CardLink (I or II), ASCCEND, SemaCard, or CardPac software.

iii.     All customer agreements or amendments to prior customer
         agreements entered into after 2001 with any counterparty of (A)
         Sema, (B) SchlumbergerSema, (C) Atos or (D) Worldline
         (including in each case their direct or indirect subsidiaries)
         whereby any of the foregoing entities conveyed any rights in (i)
         Plaintiff's Software or source code or any derivatives thereof or (ii)
         any credit card payment processing software denominated as
         CardLink (I or II), ASCCEND, SemaCard or CardPac, whether
         constituting or derived from Plaintiff's Software or not.

iv.      Documents sufficient to provide the current primary contact
         information for each customer whose agreement is requested in the
         immediately preceding document request.

Defendants seek expedited production of the following documents from
Plaintiff as part of the First Wave Document Production:

i.       Documents sufficient to show the chain of title, corporate
         relationship and succession from CCSI to PaySys, and any transfer
         of assets or IP rights related to the CardPac Software and
         derivative works thereof from PaySys to its parent company, First
         Data.

ii.      A full set of all transactional documents from 1986-2001, and
         communications related thereto (including any communications
         between the parties subsequent to 2001), relating to: (a) the 1986
         Marketing Agreement between CCSI and Sema's predecessor, (b)
         the Agreement (including the 1988 Amendment, 1990
         Amendment, 1990 APS Letter, and 2001 Confidential Settlement
         Agreement); and (c) the 1988 Agreement under which Sema
         licensed to CCSI rights to proprietary Sema Derivatives.

iii.     Documents sufficient to show any end user licenses or other
         licenses, development agreements, or reseller agreements related to
         CardPac Software and derivatives of CardPac that are granted by
         PaySys and/or its affiliates outside of the territory consisting of
         North, South and Central America, and the Caribbean.

iv.      Documents sufficient to show the extent to which PaySys
         incorporated any Sema Derivatives licensed to it into CardPac or
         into any derivatives of CardPac.

By_____. **Second Wave Document Production**. The
parties will complete their document production in response to duly served
Rule 34 requests.

     *(c)*    *dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;*

          (i) _____

          (ii) _____

     *(d)*    *time when all discovery is to be completed;*

_____

     *(e)*    *the date by which plaintiff will supply its pre-trial order matters to defendant;*

_____

     *(f)*    *the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial;*

_____.

     *(g)*    *a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.*

_____.

(5)    *a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;*

The parties are submitting a proposed confidentiality order herewith.  The proposed order invokes the protections of Fed. R. Evid. 502.

(6)    *a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;*

Timing of discovery in relation to Defendants' motion to dismiss.

(7)     *anticipated fields of expert testimony, if any*;

Plaintiff anticipates requiring expert testimony on the following topics:

     i.     The role of computer source code in the operation of computerized credit card payment systems

     ii.     The theft of computer source code by using it within adapted versions of computer programs

     iii.     Computer source code examination to determine copying or modification or not

     iv.     Damages expert – the market value of computer source and object code, particularly pertaining to computerized credit card payment systems.

Defendant anticipates that disposition of its Motion to Dismiss will substantially narrow, if not eliminate, the need for expert testimony. Depending on which, if any, claims survive, Defendants anticipate requiring a technical, software industry expert and damages expert.

(8)     *anticipated length of trial and whether to court or jury*;

A jury trial has been timely demanded by plaintiff of all issues triable by jury.

Plaintiff estimates that its case in chief will require <u>five</u> days.

Defendants estimate that their case will require <u>five</u> days.

Plaintiff estimates that its rebuttal case will require <u>one and one-half</u> days.

(9)     This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

Defendants foresee the possibility of this Scheduling Order being amended for good cause due to a significant narrowing of the scope of the issues in this case following disposition of its Motion to Dismiss. In that event, Defendants propose resetting the above deadlines, in a manner consistent with or more expedient than the time period set forth in this Scheduling Order, in view of only those issues that may remain in the case;

(10)   *Names, addresses, phone numbers and signatures of counsel:*

_____                    _____
Robert D. Owen                                        Leon Medhzibovsky

SUTHERLAND ASBILL & BRENNAN LLP        DLA PIPER LLP
1114 Avenue of the Americas, 40th Floor        1251 Avenue of the Americas
New York, New York  10036                        New York, New York 10020
(212) 389-5090                                       (212) 335-4630
*Attorneys for Plaintiff*                             *Attorneys for Defendants*

Dated: New York, New York
         March 18, 2015

                                                  SO ORDERED:


                                                  _____
                                                  The Honorable Shira A. Scheindlin,
                                                  United States District Judge.